**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL NO.  09-00056-01

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

CHARLES QUINCY SKYM                         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is an appeal (Record Document 22) filed by the defendant, Charles Quincy Skym ("Skym").  Skym is appealing from a final judgment of conviction of making a fraudulent claim against the United States in violation of 18 U.S.C. § 1003 issued on April 29, 2010, by Magistrate Judge Mark Hornsby in the above-captioned matter.  Skym appeals his conviction solely on the basis of lack of evidence.  After reviewing the record and the Magistrate Judge's findings, the Court finds no error and affirms the judgment of conviction.

**I.      BACKGROUND**

On October 16, 2007, Staff Sergeant Charles Quincy Skym received his seperation orders releasing him from active duty. [Government Exhibit 1 at 2].  Subsequently on June 27, 2008, Skym applied for a Do-It-Yourself ("DITY") move. Id. at 4.  According to Senior Airman Britney Dorsett's testimony a DITY move is "a do-it-yourself move where the member elects to move all the property themselves, versus the government hiring a carrier to do it themselves." [Trial Transcript ("T. Tr.") at 5].  The servicemen receive an incentive for DITY moves in the sense that the servicemen "gets paid 95 percent of what the government would have paid a carrier to move their personal property." Id. at 6.  According to Skym's rank and the fact that he had a dependent he was authorized to be reimbursed

for moving up to 9,000 pounds of personal property. [Government Exhibit 1 at 4].

Before participating in the DITY move program, servicemen are required to attend a briefing. [T. Tr. at 5-6]. At that briefing, the servicemen are advised of the program's requirements and limitations. Since a DITY claim is paid based upon the actual weight moved and the distance traveled, the military member must submit upon completion of the move, among other receipts such as gas, etc., copies of weight tickets showing both the empty weight of the vehicle and the loaded weight of the vehicle. Id. at 14-15.

Skym rented a 16-foot Penske truck with a maximum payload of 5,544 pounds. [Government Exhibit 1 at 9]. According to the empty weight ticket, the truck weighed 7,520 pounds. Id. at 5. On August 6, 2008, Skym got a weight ticket in Brookfield, Missouri that indicated the full loaded weight of the truck with his household goods was 16,560 pounds. Id. at 6. Skym mailed in the weight tickets and his other receipts to Barksdale Airforce Base in early September 2008 for reimbursement. Id. at 10.

Almost immediately those in charge of DITY moves at Barksdale Airforce Base were suspicious because they had never seen a staff sergeant move that much weight. [T. Tr. at 18]. Dorsett asked Skym to provide an inventory. [Government Exhibit 2 at 1]. She then applied a computerized weight estimator to that provided inventory. [T. Tr. at 22]. According to the weight estimator, Skym only moved 3181 pounds. Id. at 22. Dorsett states this was a liberal figure because the estimator seemed to always err in the mover's favor. Id. at 21-22. As a result of the anomalies, Dorsett referred the matter to her civilian manager, Shelly Cohen ("Cohen"). Id. at 25.

Cohen testified that in her experience a staff sergeant with one dependent typically moves about 3,000 pounds. Id. at 41. Furthermore, she had never seen a claim for

reimbursement for 9,000 pounds of personal property moved in a 16-foot truck.  Id. at 47.

During the course of the trial, Skym provided an expanded inventory; however, it only added an additional 1,010 pounds to the 3,181 pound figure.  Id. at 82.

The Defendant contends that he lost his original weight ticket during the move and had to re-weigh the truck in Missouri.  Id. at 66.  Skym's girlfriend, Kelly Tinsley, testified that they got the second weight ticket in Missouri "to make sure that it couldn't come up that there was extra stuff put into the truck."  Id. at 60.

On March 20, 2009, the Government charged Skym in a single count Bill of Information with fraud, in violation of 18 U.S.C. § 1003,[1] for submitting a false moving application.  See Record Document 1.

The Magistrate Judge held a bench trial on December 17, 2009.  See Record Document 10.  At the conclusion of the bench trial, the Magistrate Judge found Skym guilty of the single count.  See id.  On April 16, 2010, the Magistrate Judge sentenced Skym to be imprisoned for two months and assessed a $25.00 fee to the Crime Victims Fund.  See Record Document 14. The judgment of the Magistrate Judge was entered on April 29, 2010.  See Record Document 14.  Skym appealed his judgment of conviction on May 27, 2010.  See Record Document 15.

---

[1]18 U.S.C. § 1003 states "[w]hoever knowingly and fraudulently demands or endeavors to obtain any share or sum in the public stocks of the United States, or to have any part thereof transferred, assigned, sold, or conveyed, or to have any annuity, dividend, pension, wages, gratuity, or other debt due from the United States, or any part thereof, received, or paid by virtue of any false, forged, or counterfeited power of attorney, authority, or instrument, shall be fined under this title or imprisoned not more than five years, or both; but if the sum or value so obtained or attempted to be obtained does not exceed $1,000, he shall be fined under this title or imprisoned not more than one year, or both."

## II.    STANDARD OF REVIEW

This Court will review Skym's conviction for sufficiency of evidence.  On appeal from a magistrate judge's judgment of conviction, "the defendant is not entitled to a trial *de novo* by a district judge."  F.R.Cr.P. 58(g)(2)(D).  Rather, the scope of the defendant's appeal "is the same as in an appeal to the court of appeals from a judgment entered by a district judge."  Id.  Under this standard of review, a district court will affirm a magistrate judge's findings if they are supported by substantial evidence.  See U.S. v. Lee, 217 F.3d 284, 288 (5th Cir. 2000).  In order to reverse the defendant's conviction, "this Court must conclude that no rational trier of fact could find substantial evidence establishing the defendant's guilt beyond a reasonable doubt."  Id.  The Court shall also consider all of the evidence in the light most favorable to the verdict, deferring to the reasonable inferences of fact drawn by the Magistrate Judge.  See id.

## III.    ANALYSIS

Skym argues on appeal that there was insufficient evidence to prove that he filed a false moving claim.  Specifically, the defense contends "the Government established that Mr. Skym presented a claim for reimbursement for moving 9,000 pounds of household goods, it did not prove beyond a reasonable doubt that the claim was fraudulent." [Record Document 22 at 6].  The defense claims an expert was needed to explain payload.  Id. at 7.  Further, the defense contends that the estimator is just that an estimate and cannot serve as a basis for conviction.  Id. at 6-7.

"The factfinders 'may properly use their common sense' and 'evaluate the facts in light of their common knowledge of the natural tendencies and inclinations of human

beings.'" United States v. Clark, 577 F.3d 273, 284 (5th Cir. 2009) (quoting United States v. Ayala, 887 F.2d 62, 67 (5th Cir. 1989)).

Magistrate Judge Hornsby found that "Skym tried to defraud the Government out of moving expenses he was not entitled to." Id. at 95.  The Defendant through out the trial argued that the Government needed an expert to prove that a truck with a 5,544 pound payload could not transport a 9,040 pound payload; however, Magistrate Judge Hornsby disagreed, holding that ". . . maximum payload capacity is a matter of common sense and common knowledge."  Id. at 94.  He went on to state "Mr. Skym's claim defies logic, it defies common sense, and it defies physics.  You can't put 9,000 pounds of payload in a truck that only holds 5,000 pounds of payload unless you're a magician."  Id. at 95.  In this instance as Magistrate Judge Hornsby pointed out "payload" does not require special skill to understand and interpret.  Given the prevalence of "do it yourself" moving, this Court finds "payload" to be an issue of common sense which allows a fact finder to evaluate the facts of this case within the light of his common knowledge.  Magistrate Judge Hornsby did that.

In regards to the estimator, this Court agrees that it alone could not serve as the basis for a conviction.  However, in this instance, it did not.  As the Magistrate Judge's ruling made clear, it was the estimator in conjunction with all of the other evidence adduced at trial that lead to the finding of Skym's guilt.  The Magistrate Judge's use of the estimator was not inappropriate in this case.

This Court will not disturb the Magistrate Judge's judgment, as his findings are supported by substantial evidence.  See Lee, 217 F.3d at 288.  Based on the evidence heard by the Magistrate Judge at trial, it is clear that any rational trier of fact could find

substantial evidence establishing Skym's guilt beyond a reasonable doubt, namely based on the evidence that Skym rented a truck with a 5,544 pound maximum payload; Skym submitted a weight ticket stating he had moved a 9,040 pound payload; and the inventory that Skym submitted only accounted for a little over 4,000 pounds of household goods. See id.  Further, the Court is cognizant of its duty to consider all of the evidence in the light most favorable to the verdict, deferring to the reasonable inferences of fact drawn by the Magistrate Judge.  See id.

Accordingly, the Court finds that a rational trier of fact could have concluded that Skym filed a false moving claim as charged in the Bill of Information.  For these reasons, Skym's conviction is **AFFIRMED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this the 22nd day of September, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE